In the Matter of HAROLD MORTENSEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 8, 1989

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Patrick A. Sweeney* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice as an attorney by

this court on March 19, 1969. In this proceeding the Special Referee sustained all three charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent has submitted an affirmation in response requesting, *inter alia,* that the third charge be dismissed.

The first charge alleged that the respondent neglected the duties and obligations imposed upon him as an attorney after he was retained in 1982 to bring an action to recover damages for breach of contract. After a judgment was entered in favor of the respondent's clients, the defendant and a third-party defendant moved, *inter alia,* to set the judgment aside. The respondent then failed to submit opposition papers to the court prior to the return date of those motions. The law secretary to the Justice of the Supreme Court telephoned the respondent's office concerning whether he intended to serve opposition papers, and was advised by the respondent that he was unaware of the motions but would investigate the matter and advise the court further. The Justice of the Supreme Court received no further communication from the respondent. The Supreme Court then granted the motions on the default of the respondent's clients in answering the motions, vacated the prior judgment, and dismissed the complaint. Proposed orders were submitted by the defendant and the third-party defendant to the court and copies were mailed to the respondent in October 1983. However, the respondent failed to take any action until in April 1985, when he brought a motion to vacate the default, and reinstate the judgment. The Justice of the Supreme Court granted the motion and vacated the default, upon the condition that the plaintiffs post a $2,500 bond within 10 days of receipt of the order. Thereafter, the respondent failed to take any action.

Charge two alleges that in relation to the aforementioned matter, the respondent failed to apprise his clients of the status of the action and the consequences of his neglect.

Charge three alleges that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of the aforementioned matter.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted, and the relief sought by the respondent is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration that the misconduct involved was an isolated instance in an otherwise unblemished career, that the client suffered no financial loss, as well as the mitigating circumstances advanced by the respondent including the personal problems he was suffering at the time of the misconduct. Accordingly, the respondent should be censured for his misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and the relief sought by the respondent is denied; and it is further,

Ordered that respondent Harold Mortensen is hereby censured for his professional misconduct.